Argued May 2, decided May 17, 1910.

### DECKER v. DECKER.

[108 Pac. 777.]

DIVORCE—GROUNDS—CRUEL AND INHUMAN CONDUCT.

Where a husband, in the presence of his wife and children, applied vile epithets to his wife, and on her showing resentment assaulted her, and never afterward made any apologies nor expressed any regret for his language or violence, his conduct constitutes a ground for divorce.

From Baker: WILLIAM SMITH, Judge.

Statement by MR. JUSTICE MCBRIDE.

This is a suit by Ida A. Decker against J. F. Decker, for divorce. To the complaint, which charged cruel and inhuman treatment and personal indignities, was interposed a general denial. Upon the trial a stipulation was entered into, providing for the care, custody, and support of the minor children. The evidence showed that defendant, without any cause, called plaintiff a whore, and other vile names, in the presence of their children,

and used vile language in regard to her mother, whereupon she struck him a light tap on the cheek with the back of her hand, doing him no injury. Enraged at this, he struck her on the face with his fist, cutting her cheek, and pushed her into another room and choked her until one of his sons pushed him aside. He never afterward made any apologies or expressed any regret for his language or violence. The accusations against plaintiff's chastity were false, and defendant never attempted to justify them, and introduced no testimony to contradict that above recited. The circuit court refused a divorce, and plaintiff appeals.          REVERSED.

For appellant there was a brief over the names of *Mr. Francis M. Saxton* and *Mr. C. T. Godwin* with an oral argument by *Mr. Saxton.*

For respondent there was no appearance.

MR. JUSTICE MCBRIDE delivered the opinion of the court.

Had defendant expressed any regret for his unmanly and brutal conduct, there might be some ground for concluding that it would not be repeated. A good woman should not be compelled to live with a brute who applies vile epithets to her in the presence of her children, and then beats her for resenting them, especially where he has expressed no regret for his conduct.

The decree of the lower court is reversed, and plaintiff will be granted a divorce, with costs and disbursements. In other respects the decree will follow the stipulation on file.          REVERSED: DECREE RENDERED.